**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2012

No. 11-30696
Summary Calendar

Lyle W. Cayce
Clerk

CARL A. JONES,

Plaintiff-Appellee,

v.

SWIFT TRANSPORTATION COMPANY  INCORPORATED,

Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-4888

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Swift Transportation Company appeals the district court's denial of its motion for sanctions, arguing that Appellee Carl A. Jones and his counsel violated Local Rule 47.5(C) of the Eastern District of Louisiana, Rule 606(b) of the Federal Rules of Evidence, and Rule 3.5(c) of the Louisiana Rules of Professional Conduct.  Because the district court did not abuse its discretion by declining to sanction Jones and his counsel, we AFFIRM.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 11-30696

## I

After the district court entered judgment against Swift in a case arising from a vehicle accident, Brenda G. Beilman, the jury foreperson, contacted the district court with concerns about the verdict. The district court, without informing Swift, directed Beilman to discuss her concerns with Jones's counsel. Beilman told Jones's attorney that a juror overheard Jones say he may receive $2,000,000 from his case. She also stated that Jones's "statement was discussed at length amongst the jurors," and "the jury's consideration of [Jones's] statement was prejudicial" to his damages award. Jones's attorney moved for a new trial using Beilman's testimony to argue that outside influence prejudiced the jury. In response, Swift filed motions to strike the affidavit and to sanction Jones's counsel for violating Local Rule 47.5(C) of the Eastern District of Louisiana, Rule 606(b) of the Federal Rules of Evidence, and Rule 3.5(c) of the Louisiana Rules of Professional Conduct. The district court denied both motions, and Swift timely appealed.

## II

We review a district court's determination not to impose sanctions for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). The district court may sanction conduct where it is in direct defiance of the sanctioning court or constitutes disobedience to the court's orders. *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010). Because imposing sanctions is often a fact-intensive inquiry, the district court is given wide discretion. *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (2001).

Swift argues that Jones and his counsel violated Local Rule 47.5(C) of the Eastern District of Louisiana and Rule 3.5(c) of the Louisiana Rules of

No. 11-30696

Professional Conduct and should be sanctioned.[1] Swift further contends that Jones and his counsel violated Rule 606(b) of the Federal Rules of Evidence by including inadmissible testimony in the motion and should be sanctioned.[2]

The district court itself permitted Jones's counsel to speak with Beilman when it encouraged her to contact counsel to discuss her concerns regarding the overheard statement and its effect at deliberations. It was certainly not unreasonable under those circumstances for Jones's counsel to speak with Beilman and to include her statements in an affidavit supporting Jones's motion for a new trial. Even assuming it was error for Jones to include this information in an affidavit submitted to the district court, that error was harmless because the district court denied Jones's motion for a new trial. Therefore, under these unique facts, the district court did not abuse its discretion in determining that Jones did not act in defiance of the district court by talking to the juror or in failing to award sanctions. Of course, the better practice is for the parties and the court to avoid ex parte communications with jurors because such communications can have serious effects on litigation. *See United States v. Peters*, 349 F.3d 842, 846 (5th Cir. 2003) (explaining that ex parte communication with jurors is rarely tolerated because it is "pregnant with possibilities for error").

### III

The district court's denial of Appellant's motion is AFFIRMED.

---

[1] Local Rule 47.5(C) of the Eastern District of Louisiana prohibits attorneys from contacting jurors without having filed a motion showing good cause. Rule 3.5(c) of the Louisiana Rules of Professional Conduct precludes attorneys from speaking with a juror where the communication is prohibited by law or court order.

[2] Rule 606(b) of the Federal Rules of Evidence permits jurors to testify about extraneous prejudicial information but not about jurors' mental processes. *U.S. v. Barraza*, 655 F.3d 375, 380 (5th Cir. 2011). Beilman's affidavit testimony that the jurors overheard Jones make a statement was likley admissible under Rule 606(b) of the Federal Rules of Evidence as extraneous prejudicial information. However, Beilman's testimony that this statement may have impeded jurors' abilities to deliver a fair verdict is more problematic.